UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DETROIT DIESEL CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-10912** |
| **DELTA LAUNCH SERVICES, LLC** | **SECTION: "C" (4)** |

## ORDER & REASONS

Before the Court are a Motion in Limine to Allow Parol Evidence (Rec. Doc. 56) and a Motion for Protective Order and/or to Strike Witnesses (Rec. Doc. 59), both by Detroit Diesel Corporation ("DDC"). Delta Launch Services, LLC ("Delta Launch") opposes. The motions are before the Court on the briefs without oral argument. Having reviewed the record, memoranda of counsel, and the law, the Court DENIES the motions for the following reasons.

### I. Background

DDC and Delta Launch settled a dispute over four DDC marine engines installed on Delta Launch vessels. (Rec. Doc. 56-2 at 1). The settlement included a provision requiring DDC to pay Delta Launch monetary compensation and penalties for "downtime" that resulted from "a matter covered by the Warranty Terms." (Rec. Doc. 56-4 at 4). The settlement also required Delta Launch to notify DDC when the vessels at issue went out of service and to provide periodic updates regarding downtime. (Rec. Doc. 56-4 at 7). The settlement included an integration clause declaring it to be the sole and entire agreement between the parties. (Rec. Doc. 56-4 at 8).

Delta Launch attempted to collect on the downtime provisions, and DDC refused. (Rec.

Doc. 63 at 8-9). DDC instead brought suit to enforce the settlement agreement, alleging that Delta Launch breached the agreement by, *inter alia*, failing to perform engine maintenance and violating the engine reporting protocols in the settlement agreement. (Rec. Doc. 1 at 3-6).

**II. Law and Analysis**

*a. Motion in Limine to Allow Parol Evidence*

DDC brings this motion in limine arguing that the settlement agreement underlying the dispute does not represent the full understanding between the parties. Specifically, they argue that the "downtime" provision in the settlement agreement was not intended to apply to all "matter[s] covered by the Warranty Terms" but rather only to downtime related to the air cooler, exhaust manifold, and/or raw water pump. (Rec. Doc. 56-2 at 3). They therefore assert that they should be permitted to introduce parol evidence to demonstrate these claims. They seek to introduce two affidavits from DDC employees (Rec. Doc. 56-4 at 14-23) and a copy of a different draft of the settlement agreement, (Rec. Doc. 56-4 at 24-36), to demonstrate "what differences the parties intended to settle." Delta Launch argues the settlement agreement represents the complete agreement between the parties, and therefore no parol evidence should be permitted.

The settlement agreement at issue states that it is governed by Louisiana law, and neither party disputes this. (Rec. Doc. 56-4 at 11). Under Louisiana law, a compromise agreement such

2

as the settlement at issue[1] is governed by the same rules of construction that govern contracts. *Brown v. Drillers, Inc.*, 630 So.2d 741, 748 (La. 1994). As such, in the absence of ambiguity in the agreement, parol evidence is not permitted. La. Civ. Code art. 2064.[2] There is an exception to this contractual interpretation rule, however, when the agreement is a settlement. This exception stems from Article 3073 of the Louisiana Civil Code, which indicates that among the factors to be considered in determining the scope of a compromise agreement is that it should not "extend to differences which the parties never intended to include," and from Article 3079's provision that an error as to the subject matter in dispute is grounds to rescind a compromise. *Brown*, 630 So.2d at 748. Louisiana courts have established limitations to that exception, however, requiring substantiating evidence that either (1) the releasor was mistaken as to what he or she was signing, even though fraud was not present; or (2) the releasor did not fully understand the nature of the rights being released or that the releasor did not intend to release certain aspects of his or her claim. *Id.* at 749.

DDC argues that there is a genuine dispute as to what was meant by the term "downtime" in the settlement agreement, and therefore the attending events and circumstances of the settlement are admissible to determine the scope of the settlement. (Rec. Doc. 56-2 at 10-11).

Delta Launch argues that because DDC is not the "releasor," they are not entitled to make

---

[1] Article 3071 of the Louisiana Civil Code defines compromise: "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship."

[2] Article 2046 of the Louisiana Civil Code reads: "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."

use of the exception for settlements. (Rec. Doc. 63 at 14-16). They further argue that because the settlement agreement is unambiguous and because it was negotiated by sophisticated parties, DDC cannot claim that the scope of the settlement is in dispute.

Thus, the dispositive question for this motion is whether the alleged misunderstanding of the "downtime" term in the settlement triggers the exception to the parol evidence rule under the Louisiana Civil Code.

There are several reasons for denying DDC's request. First, the Court is not convinced that DDC's predicament falls into any of the parol evidence exceptions. Properly construed, this dispute is not about a difference the parties did not intend to include within the meaning of Article 3073. It is quite evident both parties intended to include provisions about downtime payments in the settlement. Neither was there an error as to the subject matter in dispute within the meaning of Article 3079. Again, while there is dispute about terms, there is clearly no dispute about subject matter. To hold otherwise would be to subject fact-finders to parol evidence every time a disputed contract term broadens one parties' liability.

Even if the Court were to find that DDC's arguments fell within the general parol evidence exception, it does not meet the second requirements that the "releasor" either not understand what they are signing or not understand the nature of the rights being released. In this case, there is no substantiating evidence of either.[3]

---

[3] DDC notes that the settlement was "[e]ntered into under the belief that it was approved by legal counsel representing both parties." (Rec. Doc. 56-2 at 4). It is has not presented any evidence substantiating the implication that sophisticated representatives of DDC did not review the settlement.

In *Ingram Corporation v. J. Ray McDermott & Co, Inc.*, 698 F.2d 1295, 1322 (5th Cir. 1983), the Fifth Circuit declined to rescind a settlement agreement, stressing that the agreement had been reached between two highly sophisticated maritime players: "[n]either was a novice." Further, their counsel "were among the finest the legal profession could offer." *Id.* Those factors, coupled with "Louisiana's well recognized doctrine that compromises and settlements between arms-length parties are favored in the law," *id.*, led the court to conclude Article 3073's exception to the parol evidence rule was not applicable.

*Ingram* is not conclusive, however, because there the basis for the recision request was a late discovered claim that the moving party argued it did not intend to release. *Id.* Louisiana Civil Code Article 3083 specifically precludes late discovered claims as a basis for recision, *id.* at 1321, so the *Ingram* court did not need to rest its parol evidence determination solely on the language of Article 3073.

Nonetheless, the majority of the cases involving the application of the "substantiating evidence" requirement involve releasors under duress or without complete information. *Higgins v. Spencer*, 531 So.2d 768, 772-73 (La.App. 1988); *see Moak v. American Auto Ins. Co.*, 134 So.2d 911 (La. 1961) (injured party signed release without reading it). *Cf. Callais v. Poseidon Oil Pipeline Co.*, 2000 WL 64294 at *4 (E.D.La. 2000) (finding issue of material fact regarding scope of the damage releases, but not ruling on parol evidence).

Finally, DDC has not cited any precedent where the parol evidence exceptions for settlements were interpreted in conjunction with an integration clause. Because the settlement at

issue included a clear integration clause, application of the exceptions might be further limited. However, the Court finds that even without considering the integration clause, the parol evidence is inadmissible, and therefore does not reach a conclusion as to the significance of the integration clause.

The Motion to admit parol evidence is DENIED.

*b. Motion for Protective Order and/or to Strike Witnesses*

DDC also moves for a protective order regarding the contents of the settlement, and to strike certain witnesses and exhibits. (Rec. Doc. 59). These will be addressed in turn.

*1. Protective Order*

DDC's first arguments pertain to the settlement agreement. The Court has permitted many of DDC's motions and attached exhibits to be filed under seal. DDC seeks to extend this grant by requesting that "any written report and/or deposition transcript of any person or organization in these proceedings, in which details of the Settlement Agreement are disclosed, be limited to use in these proceedings alone." (Rec. Doc. 59-2 at 3). They further request an order prohibiting the disclosure of such information to third parties, and that the defendant be prohibited from inquiring as to the terms and conditions of any other settlement between DDC and "non-related third parties." (Rec. Doc. 59-2 at 3-4).

The settlement agreement at issue contains a confidentiality clause prohibiting the parties from disclosing or publicizing the information it contains. (Rec. Doc. 56-4 at 11). DDC argues that agreement should be enforced, and that the agreements between DDC and third parties are

irrelevant. Delta Launch argues that DDC is playing a "shell game" by selectively introducing some pieces of the settlement agreements but simultaneously seeking to prevent Delta Launch–and the public–from accessing the information. (Rec. Doc. 53 at 2-3).

The controlling law on the sealing of records was well stated in *Bahwell v. Stanley-Bostitch, Inc.*, 2002 WL 1298777 at *1 (E.D.La. 2002):

> Courts have recognized that the public has a common law right to access judicial records and proceedings, although the right is not absolute. *See Nixon v. Warner Communications, Inc. 435 U.S. 589, 98 S.Ct. 1306 (1978).* Public access serves important interests, such as "to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir.1993), *citing Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir.1988); *see also Ramirez v. General Motors Corporation*, 1999 WL 1336087, *1 (S.D.Tex.1999).
> To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against interests favoring non-disclosure. *See Van Waeyenberghe*, 990 F.2d at 848; *Shell Exploration and Production Co. v. Robinson*, 2001 WL 1490954, *1 (E.D.La.2001). The motion to seal implicates the right to public access, and therefore, the First Amendment. *See Lawson v. Louisiana Eye Center of N.O.*, 1997 WL 375752, *1 (E.D.La.1997). Accordingly, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *See Van Waeyenberghe*, 990 F.2d at 848, *citing Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir.1987).

Settlement agreements are contracts, and notwithstanding a confidentiality agreement contained therein, when parties ask a court to interpret and enforce their agreement, that contract enters the record and becomes public information unless there are legitimate reasons for keeping the agreement confidential. *Herrnreiter v. Chicago Housing Authority*, 281 F.3d 634, 636 (7th Cir. 2002). The party seeking to overcome the presumption of public disclosure bears the

burden to show that the interest in secrecy outweighs the presumption. *Weiss v. Allstate Ins. Co.*, 2007 WL 2377119 at *4 (E.D.La. 2007).

In this case, the moving party, DDC, has pointed to nothing other than the settlement agreement itself to support its motion for a protective order. It has cited no relevant caselaw nor suggested any business necessity for its motion. The confidentiality clause alone is insufficient to overcome the presumption of disclosure, especially in light of the fact that it is DDC that initiated the litigation and is requesting that the Court interpret the settlement. The motion for protective order is DENIED.

*2. Witnesses*

DDC objects that Delta Launch's identification of many of its witnesses was untimely. In light of the fact that the trial deadlines were continued, these objections are moot. DDC may reurge its remaining objections as to timeliness after the appropriate deadlines have once again passed. To the extent DDC objects as to relevance, those objections are overruled. The motion to strike witnesses is DENIED.

*3. Exhibits*

Again, objections as to timeliness are overruled due to the continuance. Objections as to relevance are also denied. Delta Launch has raised a credible argument as to their relevance.

Accordingly,

IT IS ORDERED that DDC's Motion to Allow Parol Evidence and its Motion to Strike and/or for Protective Order are DENIED.

New Orleans, Louisiana, this 18th day of March, 2010.

                                              **HELEN G. BERRIGAN**
                                              **UNITED STATES DISTRICT JUDGE**